# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO.

**ENRIQUE MADRINAN,**

   **Plaintiff,**

**vs.**

**PUB 52 SPORTS BAR & KITCHEN LLC**
**d/b/a Pub 52 Gastropub, AND**
**MARK RICHMAN PROPERTIES, INC.**

   **Defendants.**

_____/

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff, ENRIQUE MADRINAN, (hereinafter sometimes referred to as "Plaintiff" OR "Mr. Madrinan"), hereby sues the Defendants, PUB 52 SPORTS BAR & KITCHEN LLC and MARK RICHMAN PROPERTIES, INC. (hereinafter collectively referred to as "Defendants"), jointly and severally, for declaratory and injunctive relief, attorneys' fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the American With Disabilities Act Accessibility

-1-

Guidelines (hereinafter "ADAAG"), Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1] (hereinafter collectively referred to as "FACBC"), at a property bearing the business name "Pub 52 Gastropub", containing a restaurant, bar and related facilities, located 5829 SW 73rd St, South Miami, FL 33143 (hereinafter sometimes referred to as the "Subject Premises;").

## JURISDICTION

1.    This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA").  *See also* 28 U.S.C. §§ 2201 and 2202.

2.    This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3.    Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Miami-Dade County, Florida, and the subject Premises is located in Miami-Dade County, Florida.

---

[1] Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

## PARTIES

4.   Plaintiff, Enrique Madrinan is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

5.   Plaintiff is limited in one or more major life activities, which requires him to use a wheelchair to ambulate and who retains limited manual dexterity.

6.   Plaintiff is a father and professional who travels frequently and dines out often in his personal and professional capacities, and is also an actively social, fiercely independent, highly educated, professionally licensed individual.

7.   Plaintiff visited Pub 52, the property which forms the basis of this lawsuit, on May 9, 2019.

8.   The Defendant, MARK RICHMAN INC., is a registered Corporation that is authorized to transact, and which transacts, business in the State of Florida. The Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, a property bearing the business

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

name "Pub 52 Gastropub," a restaurant and related facilities located at 5829 SW 73rd St, South Miami, FL 33143.

9.  The Defendant, PUB 52 SPORTS BAR & KITCHEN LLC, is a Florida Limited Liability Company that is authorized to, and does, transact business in the State of Florida. Upon information and belief, this Defendant is a tenant at the facility and is the operator and/or lessee of a restaurant therein which is commonly known as Pub 52 Gastropub located at 5829 SW 73rd St, South Miami, FL 33143, and which is the subject of this action.

10.  The building containing Pub 52 Gastropub was built in 2007 and is thus considered subject to the "New Construction" standards of the ADA and its implementing regulations.

11.  Gastropub 52, the restaurant which is the subject of this action, opened for business in September 2018, and is thus considered subject to the "New Construction" standards of the ADA and its implementing regulations.

12.  Upon information and belief, Pub 52 Gastropub is part of the Kanti Group© which contains numerous restaurants in the United States. See, http://kantigroup.com/ .

## ADA REGULATORY REGIME FOR NEW CONSTRUCTION

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

13.    Pursuant to 28 CFR part 36.406(a)(3) this facility was required to provide an accessible bar counter and accessible table seating spaces consistent with 2010 Standard § 902 at the date of First Occupancy.

14.    Pursuant to 28 CFR part 36.406(a)(3), the facility was required to design and construct its bar counters and nearby table seating to be readily accessible to and usable by individuals with disabilities as of the date of first occupancy.

15.    Pursuant to 28 CFR § 36.401(a), the facility was required to provide an accessible forward approach to a designed-integrated lowered section of any and all bar counters to be accessible in relation to the respective total number of standing and seating spaces at the bars as of the date of first occupancy and otherwise fully comply with 2010 ADA Standard § 902, 904, 305 and 306.

16.    The 2010 ADA Standards have been fully noticed, are readily available and easily referenced at 36 CFR § 1191, *et seq.*, and consist of the 2004 ADAAG and the requirements contained in subpart D of 28 CFR part 36.

17.    Pursuant to 28 CFR part 36.406(a)(3), this facility is required to comply with the 2010 ADA Standards as of the date when the last application for a building permit or permit extension is certified to be complete by a State, county,

-5-

or local government (or, in those jurisdictions where the government does not certify completion of applications, if the date when the last application for a building permit or permit extension is received by the State, county, or local government) is on or after March 15, 2012, or if no permit is required, if the start of physical construction or alterations occurs on or after March 15, 2012.

## DEFENDANTS KNEW THEY WERE VIOLATING THE ADA

18.     Defendants knew or should have known that they were failing to construct and design the facility as of first occupancy to be readily accessible to and usable by individuals with disabilities as required by the ADA.

19.     Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants contain bar counters far above the height permitted by law to be accessible.

20.     Defendants knew or should have known that the common seating design modules and schemes approved and used by Defendants fail to provide adequate and sufficient accessible seating within all areas of the facility.

21.     Plaintiff alleges that Defendants uniformly approved the use of these unlawful design modules/schemes at Pub 52 Gastropub bar counters intentionally disregarding the accessibility requirements of the ADA.

-6-

22.     Plaintiff alleges that Defendants approve and utilize these inaccessible modular structures to ensure uniformity of design, feel and functionality at its locations which purposely exclude individuals who require a wheelchair to ambulate, including the instant Plaintiff.

23.     Plaintiff further alleges that Defendants' in-house design committees (or similarly tasked internal or contracted entities) uniformly orchestrate and approve the use of the inaccessible common design of the bar counter with deliberate indifference to, and disregard for, Mr. Madrinan and those similarly situated.

24.     Plaintiff further alleges that Defendants' in-house design committees uniformly orchestrate and continue to approve a policy of using inaccessible tables and booths throughout this and other facilities, thereby further serving to isolate Plaintiff, both physically and emotionally, and denying him the full enjoyment of the amenities, services, privileges, activities and accommodations of the facility.

25.     As a result, and for additional reasons set forth herein, it cannot reasonably be denied that Defendants have intentionally discriminated against this plaintiff and all those similarly situated.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

26.    The egregiousness of Defendants' offending conduct denying access to individuals with disabilities, such as the Mr. Madrinan and others similarly situated, compel this Court to retain continuing jurisdiction and oversight over this action until it is absolutely clear the offending conduct set forth herein cannot reasonably be repeated and Defendants be allowed to return to their old discriminatory ways.

27.  Plaintiff and his fiancé visited the subject facility to enjoy and partake in the accommodations, amenities, privileges, goods, services and experience offered by this public accommodation as asserted by their very own representatives who state that the facility has "…got something for everyone — co-workers coming for happy hour, families with children having dinner and friends out for a night…. [where] people can enjoy great food, socialize, dance and spend the entire afternoon or evening with family and friends." Very significantly, "The bar is the longest in South Miami and known for its signature cocktails, 30 locally brewed beer taps and the area's widest selection of bourbons." *See*, September 14, 2018, South Miami News article at https://communitynewspapers.com/south-miami/pub-52-in-south-miami-combines-entertainment-with-great-food-and-drink/.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

28.    Plaintiff is in the area a number of times a year in both his personal and professional capacities and will return to the property to avail himself of the full enjoyment of the amenities, goods services, privileges and accommodations offered to the public at the property, and to determine whether the existing barriers to access at the property, which currently serve to segregate and confine him from accessing a central aspect of this facility, have been remedied to achieve the inclusion required by the ADA and FACBC statutory and regulatory regimes.

29.    However, Plaintiff is deterred from returning to Pub 52 Gastropub until the architectural barriers to access and discriminatory policies which prevent him from the full and equal enjoyment of the accommodations, activities, goods, amenities and services otherwise provided to able-bodied patrons, are removed.

30.    The Plaintiff has encountered and has direct knowledge of the architectural barriers to access and discriminatory policies at the subject property which discriminate against him solely on the basis of his disability and which prevent him from exercising his right to the full and equal enjoyment of the goods, privileges, services, amenities and accommodations otherwise offered by the Defendants to able-bodied patrons. These architectural barriers and discriminatory

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

policies also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

31.   Due to Defendants' ADA violations set forth herein, Plaintiff was not able to, and still cannot, access the bar counter and surrounding seating spaces at the premises and avail himself of the full and equal enjoyment of the various amenities, privileges, goods, services, activities and accommodations otherwise offered to able bodied patrons by the Defendants.

32.   By failing to provide accessible seating spaces at and within the immediate bar area (such as a fully integrated lowered counter at the bar, and accessible seating at the surrounding tables and booths), Defendants have intentionally erected a discriminatory architectural format disguised as an accommodation, and exacerbated its failures by intentionally promoting a policy and procedure that serves to isolate, shun, diminish and confine individuals with disabilities from interaction with the bartender and bar patrons and surrounding areas, and further removes him and his guests away from the "action" and activities otherwise provided to able-bodied patrons at this same Bar counter and surrounding area.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

33.     Defendants cannot legally maintain that the current counter and policies and procedures described suffice to conform with the ADA and the FACBC Standards as accessible and inclusive.

34.     There is no accessible seating space at the indoor and outdoor bar counters.

35.     There is no accessible seating space at any of the many high-tables adjacent to bar counter.

36.     Defendants cannot legally dispute that providing access as Plaintiff demands herein is readily achievable as that defense is precluded by the fact the facility was built in 2007 and the subject restaurant opened its doors in 2018.

37.     By intentionally not providing the required accessible seating spaces at the bar counters and discrete surrounding areas where seating is otherwise provided to able-bodied patrons, Defendants create, maintain and promote a pattern and practice of excluding and isolating Plaintiff and others similarly situated from seating at and near the bar areas so well promoted to the community at large as welcoming and inclusive.

38.     Because Pub 52 Gastropub and the building in which it is housed are New Construction pursuant to the ADA, Defendants had a legal duty to ensure that

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

the bar was designed and constructed to be readily accessible to and usable by Plaintiff as of the date of first occupancy. Defendants intentionally failed to do so.

39.     Because Pub 52 Gastropub is New Construction, Defendants had a legal duty to provide accessible seating spaces at the bar counter and provide accessible seating spaces at a table in the adjacent bar area and booths when, as here, table and booth seating is otherwise available to able-bodied patrons.

40.     Because Pub 52 Gastropub is new construction, Defendants may not readily avail themselves of the defenses and exceptions typically available within the ADA alteration standards, including but not limited to, the readily achievable standard.

41.     Because Pub 52 Gastropub is New Construction, Defendants' access-failures herein described evince a systematic, purposely thought-through scheme to intentionally discriminate against the Plaintiff which has resulted in an adverse effect and impact upon Mr. Madrinan and all those similarly situated.

42.     Plaintiff, a resident of South Florida, will return to the subject premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

-12-

43.     Similar to most able-bodied patrons, Mr. Madrinan and his fiancé look forward to revisiting Gastropub to partake in the full and equal enjoyment of the amenities, goods, services, facilities, privileges, advantages and accommodations offered to the general public by this facility; chief among them is the opportunity for a nice, laid back moment nursing a drink at its admittedly very looking nice bar while raking in the unique atmosphere as advertised.

44.     However, Plaintiff is deterred from returning to Pub 52 Gastropub until the architectural barriers to access and discriminatory policies which prevent him from the full and equal enjoyment of the accommodations, goods, amenities and services otherwise provided to able-bodied patrons, are removed.

45.     Plaintiff has been, and will continue to be, denied full access and the equal enjoyment of the amenities, activities, services, goods, privileges and accommodations, at the subject premises, as provided by the ADA and the FACBC, unless the injunctive relief requested herein is granted.

46.     Defendants' intentionally ignore the ADA requirements, and instead promote discriminatory policies and procedures which prevent access and inclusion, and lead to the inexorable conclusion that, unless the injunctive relief requested herein is granted, access and inclusion as contemplated by the ADA will

-13-

not occur at this facility, and Plaintiff and all those similarly situated will continue to be deterred from and denied full access to Gastropub 52 as required by the ADA and the FACBC.

## COUNT I

### Americans With Disabilities Action
### for Injunctive Relief

47.     This action arises pursuant to Title 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act").

48.     Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 46 of this Complaint as if fully stated herein.

49.     On July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*

50.     Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the Premises which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

51.     The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA.  The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer

-14-

employees and gross receipts of $500,000 or less. *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

52.     Pursuant to 42 U.S.C. §12183, Defendants had a legal duty to be in full compliance with the ADA as of January 26, 1993 at the latest. The ADA required Defendants to ensure the bar counters were designed and constructed to be readily accessible to and usable by individuals with disabilities, such as the Plaintiff, as of the date of first occupancy. Defendants failed to do so.

53.     Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

### 1990 STANDARDS - PRE-MARCH 2012 GUIDELINES

54.     Prior to March 2012, pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG") (pre-2012). Failure to comply with these requirements constitutes a violation of the ADA.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

55.     Prior to March 2012, under certain conditions never present here, the ADAAG at 28 CFR 36, App A, 5.2, permitted service at an accessible table nearby to serve as a reasonable accommodation to an actual seat at the Bar.

56.     Similarly, prior to March 2012, the ADAAG 28 CFR 36, App A, 7.2(2)(ii) permitted the installation of an auxiliary lowered counter as a reasonable accommodation at certain counters.

57.     At all times here relevant, a primary purpose of the ADA and its regulatory regimes is to create inclusion through access.

58.     Prior to March 2012, facilities that availed themselves of the above exceptions at the time were nonetheless required to provide the required clearance at the auxiliary counter or side desk and such auxiliary counters and desks were required to be maintained free and clear of all obstructions so as to be usable by individuals with disabilities.

59.     Accordingly, even if Pub 52 Gastropub existed prior to March 2010 (which it did not) such that an auxiliary counter was permitted, any such auxiliary counter would need to be free and clear of items – which Defendants' have not provided.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

60.     Even if Pub 52 Gastropub existed prior to March 2012 such that an auxiliary counter was permitted (which it did not), the designated area would still be required to provide sufficient clearance at the designated "accessible" seating space, such as at the nearby booths – which Defendants' does not.

61.     Even if Pub 52 Gastropub existed prior to March 2012 such that an auxiliary counter was permitted (which it did not) it had to have been in place and operational prior to March 15, 2012 and provide the opportunity for the full and equal enjoyment of the same amenities, goods, privileges, services, activities and accommodations as those offered to the able-bodied. Defendants' facility does not.

62.     Defendants intentionally fail to provide said opportunity due to their failure to provide accessible seating spaces at the bar and at the tables and booths adjacent to the bar area.

63.     Defendants intentionally fail to provide the opportunity for the full and equal enjoyment of the same amenities, goods, privileges, services, activities and accommodations as those offered to the able-bodied by promoting a policy and procedure of purposely excluding Plaintiff and those similarly situated from interacting with the bartender, other bar patrons and the general public as advertised.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

## 2010 ADA STANDARDS

64.     In March 2012 (effective date), the 1994 ADAGG was superseded and since that effective date all public accommodations and commercial facilities are required to follow the requirements of the 2010 Standards, including both the Title III regulations at 28 CFR part 36, subpart D; and the 2004 ADAAG at 36 CFR part 1191, appendices B and D (hereinafter the "2010 ADA Standards").

65.     The 2010 ADA Standards eliminated the counter exceptions available previously under the 1994 ADAAG as discussed *supra* in ¶65 – 72, and now require all facilities constructed for first occupancy after March 2012 to design and construct bar counters with a lowered section. Defendants failed to do so.

66.     As a result, the bar counters and other seating spaces of the facility must be, but are unable to be, accessed by the Plaintiff.

67.     The Defendants have discriminated against the Plaintiff by promoting policies and erecting barriers to access which deny him access to, and the full and equal enjoyment of the amenities, goods, services, facilities, privileges, activities, advantages and accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601  ● Fax: 305.372.2323

68.     If the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, *which it is*, then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA. Defendants have failed to so design and construct this facility to be fully accessible as required.

69.     The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302 *et seq.*, and 36 CFR § 1191, *et seq.*, and subpart D of 28 CFR part 36, and are discriminating against Plaintiff as a result of the following violations:[2]

### BAR COUNTER AND TABLES

a. There is no accessible seating space provided at the bar counter.
b. There is no accessible seating space provided at tables provided near the bar.
c. There is no accessible seating space at the booths.

### OUTDOOR BAR COUNTER AND TABLES

d. There is no accessible seating space provided at the outdoor bar counter.
e. There is insufficient accessible seating at the outdoor patio dining area.

---

[2]Due to the architectural barriers encountered, all areas of the premises were not able to be assessed by the Plaintiffs. Accordingly, the above list is not to be considered all-inclusive.  A *complete* list of the subject premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiffs' representatives pursuant to Rule 34 of the Federal Rules of Civil Procedure.

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

70.     The Plaintiff has been denied access to, and has been denied the benefits and equal enjoyment of the services, amenities, programs accommodations, and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' existing ADA violations and discriminatory policies and procedures, including, but not limited to, those set forth above.  Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

71.     The violations present at Defendants' facility infringe upon Plaintiff's right to travel free of discrimination, socialize, meet friends and further business relations.

72.     Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at Defendants' facility.

73.     By continuing to operate a place of public accommodation with intentionally discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprive Plaintiff the full and equal enjoyment of

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

the goods, services, facilities, activities, privileges and/or accommodations available to the general public.

74.     By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.

75.     By intentionally maintaining a public accommodation with ADA violations, Defendants deprive Plaintiff the equal opportunity offered to the general public to freely travel without fear of being subjected to discrimination.

76.     In the future, once the architectural barriers to access have been removed and reasonable changes in policy implemented, and it is absolutely clear that the discriminatory behavior and policies alleged herein cannot reasonably be expected to recur, Plaintiff will once again visit the subject premises, not only to avail himself of the amenities, privileges, accommodations, services, programs and activities available at the facility, but also to assure himself that the subject premises is in compliance with the ADA so that he and others similarly situated

-21-

will have full and equal enjoyment of the property without fear of discrimination, dignitary harm and threats to their safety.

77.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.   Plaintiff is entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

78.     Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiff injunctive relief including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

79.     The Plaintiff demands a non-jury trial on all issues to be tried herein.

WHEREFORE, Plaintiff respectfully requests the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory practices and policies, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, ordering the Defendants to maintain accessible features at the premises, and awarding Plaintiffs their attorney fees, costs and litigation

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

expenses incurred in this action, and closing the subject premises until the requisite modifications are completed.

**COUNT II**
**Action for Violations of the Florida Americans**
**With Disabilities Accessibility Implementation Act**

80.   This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

84.   Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 12, 18 – 46 of this Complaint as if fully stated herein.

85.   Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "the federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[4] and Title II of Public Law No. 101-336,[5]" subject to the additional requirements of Fla. Stat. § 553.504.

86.   Florida Statutes § 553.503, required the adoption of the Florida Accessibility Code for Building Construction (hereinafter FACBC).  The FACBC establishes standards for accessibility to places of public accommodation and

---

[4] 28 CFR §§ 36.101, *etseq*, 36.401, *et seq.*
[5] 42 U.S.C.A. § 12131, *et seq.*

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

commercial facilities by individuals with disabilities to take effect on October 7, 1997.  *See* FACBC Chapter 11 and Fla.  Stat. § 553.503.

87.     In addition, Fla.  Stat. § 553.502 provides that "nothing in ss.  553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation."  Fla.  Stat. § 553.502.

88.     Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code. The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law.  Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code.  Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

89.     Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the

Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any
> person or party, in an individual capacity or on behalf of
> a class of persons or parties, damaged as a result of a
> violation of this part or the Florida Building Code, has a
> cause of action in any court of competent jurisdiction
> against the person or party who committed the violation;

Fla. Stat. § 553.84.

90.     The Florida Building Commission updated the Florida Accessibility

Code for Building Construction for consistency with the 2010 ADA Standards and

Florida law, Part II, Chapter 553, Florida Statutes, in the summer of 2011.

91.     The intent as established by s.553.502, Florida Statutes, is to maintain

the US Department of Justice certification of the Code as substantially equivalent

to the ADA Standards so compliance with the Code provides presumption of

compliance with the ADA Standards.

92.     Title 28 CFR § 36.103(c), provides that the ADAAG "does not

invalidate or limit the rights remedies and procedures of any other...State or local

law (including State Common Law) that provide greater or equal protection for the

rights of the individuals with disabilities or individuals associated with them." *Id.*

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131   Phone:  305.372.9601   ● Fax: 305.372.2323

93.     At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiff herein.

94.     On more than one occasion, Defendants breached its duty to provide access to the subject premises by Plaintiff and thereby discriminated against Plaintiff, all in violation of Fla. Stat. § 553.501, *et seq*., as follows:

## BAR COUNTER AND TABLES

a. There is no accessible seating space provided at the bar counter.
b. There is no accessible seating space provided at tables provided near the bar.
c. There is no accessible seating space at the booths.

## OUTDOOR BAR COUNTER AND TABLES

d. There is no accessible seating space provided at the outdoor bar counter.
e. There is insufficient accessible seating at the outdoor patio dining area.

95.     The Plaintiff has been denied access to, and has been denied the benefits and equal enjoyment of the amenities, services, programs, accommodations and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' FACBC violations set forth above.  Furthermore, Plaintiff will continue to suffer such discrimination, injury and damage, and will be deterred from returning to the

-26-

subject premises without the relief provided pursuant to the FACBC as requested herein.

96.   Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has agreed to pay his counsel reasonable attorneys' fees, including costs and expenses incurred in this action.  Plaintiff is entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.[7]

97.   Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat.  §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiff's injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, enjoining Defendants' discriminatory policies and procedures and closing the subject premises and facilities until the requested modifications are completed.

98.   The Plaintiff demands a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing its discriminatory

---

[7]*Cf.,***Wesley Group Home Ministries, Inc., v.  City of Hallandale,** 670 So.2d 1046 (Fla.4th Distr.  1996).

Jeffrey Hirsh, Esq., 3020 Suntrust International Center, One S.E. Third Avenue.
Miami, Florida 33131  Phone:  305.372.9601  ● Fax: 305.372.2323

practices, ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, awarding Plaintiff his attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requested modifications are completed.

Dated this 18th day of July, 2019.

Respectfully Submitted,


s/Jeffrey S. Hirsh
 JEFFREY S. HIRSH, ESQUIRE
(Florida Bar Number: 207810)
Primary email:  jhirsh@goldberghirshpa.com
Secondary email:agarcia@goldberghishpa.com
**GOLDBERG & HIRSH, P.A.**
SunTrust International Center
One S. E. Third Avenue, Suite 3020
Miami, FL 33131
Telephone (305) 372-9601
Telefax (305) 372-2323
Attorneys for Plaintiff